Receipt number AUSFCC-6132057

**IN THE UNITED STATES
COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JAHLEEL ASSAD,<br><br>          Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>          Defendant. | Civil Action No.:  **20-489C**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff Jahleel Assad by and through the undersigned counsel, and hereby files this Complaint against the United States, acting by and through the Department of the Air Force (hereinafter, "Air Force") and Secretary of the Air Force Barbara Barrett, and respectfully shows the Court as follows:

### JURISDICTION

1.

This is an action for breach of contract.

2.

The United States Court of Federal Claims has jurisdiction over this action pursuant to the Tucker Act of 1887, 28 U.S.C. § 1491(a)(1), because it involves claims for breach of an express contract with the Department of the Air Force, and therefore, with the United States.

### STATEMENT OF FACTS

3.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 2, as if the same were set forth herein.

4.

Plaintiff Jahleel Assad (hereinafter, "Plaintiff" or "Assad") worked as an Electronics Engineer at an Air Force facility located in Pensacola, Florida.

5.

Mr. Assad believed that he had been subjected to unlawful discrimination by several individuals with whom he worked based on race and religion, in violation of Title VII of the Civil Rights Act. As a result, Mr. Assad contacted an EEO Counselor with the Air Force to initiate the EEO complaint process.

6.

Mr. Assad's EEO complaint was ultimately filed and assigned Agency File Number 8J0V1800534T.

7.

On November 5, 2018, Mr. Assad and the Air Force entered into a Negotiated Settlement Agreement (hereinafter, "Agreement") to resolve the matter. (Ex. A.)

8.

The Agreement expressly stated that the parties "hereby voluntarily enter into the following agreement in full and final settlement of the case referenced above." (Ex. A at 1.)

9.

In consideration of the mutual promises contained in the Agreement, the Air Force agreed:

   a. To pay a one-time lump sum in the payment in the amount of eighteen thousand two hundred eighty-two ($18,282.00) dollars. This one-time lump sum payment of $18,282.00 covers attorney's fees in the amount of nine thousand ($9,000.00) dollars and Complainant's back pay in the amount of nine thousand two hundred eighty two ($9,282.00) dollars. The lump sum amount will be paid directly to [a named law firm] by direct deposit from the Defense Finance and Accounting Service (DFAS).

    b. To request the one time lump sum payment in paragraph 2(a) from DFAS within sixty (60) calendar days of the signing of this agreement. Should DFAS have failed to process payment under this section within six (6) months then upon notification from Complainant's counsel, the Agency agrees to submit a remedy ticket to assist in securing payment.

    c. To, within fourteen (14) business days, process an SF-50 and SF-52 through the Defense Civilian Personnel Data System reflecting Complainant's voluntary resignation, effective as of the date of Complainant's signature on this Agreement.

    d. To provide Complainant with a neutral reference attached hereto and made a part of the Agreement hereof.

(*Id.* at 1-2.)

10.

The neutral reference, as addressed in Paragraph 9(d), *supra*, was attached to the last page of the Settlement Agreement. (*Id.* at 8.)

11.

The neutral reference was formatted as a Memorandum dated November 5, 2018, and the salutation read, "To Whom It May Concern." (*Id.*)

12.

The neutral reference was signed by "ROBERT AMUNDSON Civilian Personnel Office 72 FSS/FSC."

13.

The entire body of the neutral reference read, as follows:

Mr. Jahleel Assad was employed as a federal civilian employee at Robins Air Force Base, Georgia from 21 October 2013 to 24 December 2016 and at a Naval Air Base, Florida from 25 December 2016 to 5 November 2018. He was assigned as an Electronic Engineer, NH-0855-III. On November 5, 2018, Mr. Assad resigned for personal reasons.

If you have any further questions, you may contact me at (405) 739-3401.

(*Id.*)

14.

In pertinent part, Mr. Assad agreed to resign from his position with the Air Force, dismiss his EEO complaint, and refrain from applying for or accepting employment in any Air Force civil service position for a period of five years. (*Id.* at 2-5.)

15.

Mr. Assad complied with all conditions of the Agreement.

16.

Since Mr. Assad's resignation, he has applied for positions of which he is otherwise qualified with other agencies and with contractors of the United States.  Mr. Assad has been denied and/or not considered for these positions because of the Air Force's breaches of the Agreement as alleged herein.

17.

Mr. Assad was offered a position that required access to a secure area using a Common Access Card (hereinafter, "CAC Card").  When Mr. Assad attempted to obtain a new CAC Card, his application was denied.

18.

Mr. Assad's CAC Card application was denied because of an investigation that had been opened unto Mr. Assad's alleged conduct prior to his resignation with Defendant.

19.

This investigation had been opened prior to Mr. Assad's resignation from his position with the Air Force.

20.

Mr. Assad alleged in his EEO complaint that the investigation had been initiated for discriminatory reasons

21.

In fact, the initiation of this investigation had been one of the reasons that Mr. Assad decided to file a formal EEO complaint.

22.

After Mr. Assad resigned from the Air Force, the Agency failed to take any measures to properly close this investigation and/or remove the investigation from his personnel records.

23.

Because Mr. Assad failed to obtain a CAC Card, the potential employer rescinded Mr. Assad's offer of employment.

24.

Since the withdrawal of this offer of employment, Mr. Assad has applied for positions of which he is otherwise qualified with other agencies and with contractors of the United States. Mr. Assad has been denied and/or not considered for these positions because of the Air Force's breaches of the Agreement as alleged herein.

25.

On July 16, 2019, Mr. Assad received an offer of employment with a contractor of the United States Department of Energy and its Naval Nuclear Laboratory. This offer of employment was contingent on satisfactory results of a pre-employment investigation.

26.

In support of his employment application and pre-employment investigation, Mr. Assad was asked to provide references for his prior employment. Mr. Assad provided the name of Mr. Amundson, as provided in his Agreement with the Air Force.

27.

The potential employer contacted one of Mr. Assad's supervisors in his most recent position with the Air Force.

28.

This Air Force Supervisor told the potential employer that the Air Force would not consider rehiring Mr. Assad.

29.

This Air Force Supervisor told the potential employer that Mr. Assad did not resign from his position; rather, he had been terminated.

30.

The Air Force communicated information in response to this employment inquiry that was inconsistent with a voluntary resignation, as it was required to by the Agreement.

31.

The Air Force failed to provide a neutral reference for Mr. Assad, as was required by the Agreement. Rather, the information communicated by the Air Force was a negative reference.

32.

As a result of the information provided by the Air Force, the conditional offer of employment was withdrawn.

Procedural/Administrative Background

33.

On August 8, 2019, Mr. Assad sent a Notice of Breach of Agreement and Request for Enforcement to the 1st Special Operations Wing Equal Employment Opportunity Office, Hurlburt Field, Florida, as required by the Agreement.

34.

On August 16, 2019, Mr. Assad received an Acknowledgement of Alleged Breach of EEO Settlement Agreement dated August 9, 2019.

35.

On September 9, 2019, the Air Force issued a Decision on Alleged Breach, dated August 30, 2019. In the decision, the Air Force found that it had not violated the Agreement.

36.

On September 10, 2019, Mr. Assad submitted a Notice of Appeal to the Equal Employment Opportunity Commission, Office of Federal Operations.

37.

On January 23, 2020, the Office of EEOC Office of Federal Operations issued its Decision. Mr. Assad is filing the instant action within ninety days of his receipt of this decision.

**COUNT I:
BREACH OF CONTRACT**

38.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 37, as if the same were set forth herein.

39.

In the November 5, 2018 Negotiated Settlement Agreement, the Air Force agreed to settle all existing matters relating to Mr. Assad's employment. Specifically, the Air Force also agreed to take affirmative steps to reflect that Mr. Assad had voluntarily resigned from his position with the Air Force.

40.

The Air Force failed to take necessary measures for Mr. Assad's personnel records to reflect a voluntary resignation. Specifically, the Air Force failed to close an investigation that arose prior to Mr. Assad's resignation and that had been the basis of Plaintiff's EEO complaint.

41.

As a result of the Air Force's failure to properly close this investigation, this investigation appears in Mr. Assad's security clearance records and said records were flagged with "loss of adjudication."

42.

The Air Force failed to comply with its obligations set forth in the Agreement, and has therefore breached a valid contract.

43.

As a result of the Air Force's breach of contract, Mr. Assad has been denied employment of which he was otherwise qualified.

44.

Mr. Assad has been injured by the Air Force's breach of contract, and he is entitled to an award of monetary damages in an amount to be proven at trial.

## COUNT II:
## BREACH OF CONTRACT

45.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 37, as if the same were set forth herein.

46.

In the November 5, 2018 Negotiated Settlement Agreement, the Air Force agreed to settle all existing matters relating to Mr. Assad's employment. Specifically, the Air Force also agreed to take affirmative steps to reflect that Mr. Assad had voluntarily resigned from his position with the Air Force. The Air Force also agreed to provide Mr. Assad with a neutral reference.

47.

The Agreement provided specific language for the neutral reference.

48.

In or around July 16, 2019, Mr. Assad had received a conditional offer of employment.

49.

Around that same time, the potential employer contacted officials with the Air Force, with inquiries into Mr. Assad's prior employment.

50.

Officials with the Air Force told the potential employer that the Air Force would not consider rehiring Mr. Assad.

51.

Officials with the Air Force told the potential employer that Mr. Assad had not resigned from his position.

52.

Officials with the Air Force told the potential employer that Mr. Assad had been terminated from his position.

53.

As a result of this information, the potential employer withdrew Mr. Assad's offer of employment.

54.

The Air Force breached its duty to take actions to show that Mr. Assad's resignation was voluntary.

55.

The Air Force breached its duty to provide Mr. Assad with a neutral reference.  In fact, the Air Force provided Mr. Assad with a negative reference.

56.

As a result of the Air Force's breach of contract, Mr. Assad was denied employment of which he was otherwise qualified.

57.

Mr. Assad has been injured by the Air Force's breach of contract and, he is entitled to an award of monetary damages in an amount to be proven at trial.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jahleel Assad respectfully prays for the following relief:

1) That Summons and Process be issued and that Defendant be served as provided by law;

2) That this matter be tried before a jury;

3) That judgment be awarded for and in favor of Plaintiff and against Defendant on Count I for Breach of Contract and that Plaintiff be awarded all damages available by law in an amount to be proven at trial;

4) That judgment be awarded for and in favor of Plaintiff and against Defendant on Count II for Breach of Contract and that Plaintiff be awarded all damages available by law in an amount to be proven at trial;

5) For such other relief as this Court shall deem just and proper.

Respectfully submitted, this 22nd day of April, 2020.

                                                                               KENNETH E. BARTON III
                                                                               Georgia Bar No. 301171
                                                                               *Attorney for Plaintiff*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com